# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID W. PENDER,

         Petitioner,

    v.                                     Case No. 08-C-518

ATTORNEY GENERAL J.B. VANHOLLEN,

         Respondent.

## ORDER

On June 16, 2008, David W. Pender filed a petition for habeas relief pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Pender was convicted in Outagamie County Circuit Court of theft by false representation, but his sentence was stayed pursuant to Wis. Stat. 808.07 pending his direct appeal, which is now complete. On July 9, 2008, Pender filed a motion requesting the Court enter a stay of state court proceedings pursuant to 28 U.S.C. § 2251, pending the resolution of his federal habeas petition. Pender notes that a hearing is scheduled to take place on July 15 in the state circuit court, at which time the stay of his sentence will likely be lifted. For the reasons stated herein, however, Pender's motion will be denied, and his petition dismissed.

In a letter dated June 17, 2008, the clerk of court informed Pender that in order to properly file his petition, he was required to submit a signed copy.[1] To date, Pender has not done so. Therefore, his petition remains deficient in that respect. *See* 28 U.S.C. § 2242 ("Application for a

---

[1] The petition filed by Pender was not signed.

writ of habeas corpus shall be in writing and signed and verified by the person for whose relief it is intended or by someone acting on his behalf.").

Even if the petition were properly filed, however, Rule 4 of the Rules Governing § 2254 Cases, requires that:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies. Here, it is clear that Pender's petition fails to set forth a cognizable claim. He alleges the state court erred in denying his motion to suppress evidence in violation of his Fourth Amendment rights. Upon an evidentiary hearing, the circuit court found that officers had exceeded the scope of the applicable warrant when conducting a search of Pender's home. However, the court suppressed only evidence outside the warrant. On direct appeal, Pender argued that suppression was appropriate as to all evidence obtained during the search. Nonetheless, the Wisconsin Court of Appeals affirmed the holding of the circuit court, and the state supreme court denied review.

Claims of violations of Fourth Amendment rights are not cognizable under federal habeas corpus in the absence of a showing that the habeas petitioner had no opportunity for the full and fair litigation of the claim in the state courts. *See Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was

2

introduced at his trial." 428 U.S. at 494. Thus, a claim is barred by *Stone v. Powell* if a petitioner merely asserts that the state court made a mistake in applying Fourth Amendment law. *Turentine v. Miller*, 80 F.3d 222, 225-26 (7th Cir. 1996). The Seventh Circuit Court of Appeals has held that "[a] [petitioner] receives an opportunity for full and fair litigation of a Fourth Amendment claim when 1) the [petitioner] has clearly informed the state court of the factual basis for that claim and has argued that those facts constitute a violation of his Fourth Amendment rights and 2) the state court has carefully and thoroughly analyzed the facts and applied the proper constitutional case law to the facts." *Terry v. Martin*, 120 F.3d 661, 663 (7th Cir. 1997); *see also, Weber v. Murphy*, 15 F.3d 691, 694 (7th Cir. 1994). A state court has not "'carefully and fully analyzed' the facts of a Fourth Amendment claim if its factual findings are not fairly supported by the record." *Weber*, 15 F.3d at 694. However, "a state court's factual findings are due a 'high measure of deference,' and are presumed correct." *Id*. at 694-95.

The Wisconsin Court of Appeals reviewed Pender's Fourth Amendment claim and found that the officers conducting the search of Pender's home exceeded the scope of the warrant when they moved items in his library to allow books to be photographed, and manipulated items to view and record the serial numbers of electronic devices in the house. However, the court noted, "[t]he extent of the overreaching here still falls well short of that in other cases where courts have found 'flagrant disregard' for warrant limitations." *State v. Pender*, 2008 WI App 47, ¶ 13, 748 N.W.2d 471 (Wis. App. 2008). Thus, it concluded, "the police overreaching was not so extreme that the search [was] transformed into an impermissible general search," and "[t]he circuit court correctly concluded the police conduct here, while troubling, did not require suppression of all evidence seized during the search." *Id*. at ¶ 14.

3

I find that the state court of appeals fairly analyzed the facts, applied the correct law and concluded that there was no Fourth Amendment violation. Therefore, Pender received a full and fair opportunity to litigate his Fourth Amendment claim in the Wisconsin courts and consequently, he has not stated a cognizable claim for federal habeas relief.

Furthermore, even if Pender had properly filed his petition and stated a colorable Fourth Amendment claim, it appears the Court's abstention would be warranted under the doctrine set forth by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 41 (1971). Under *Younger*, federal restraint of state criminal proceedings is permissible only if the defendant establishes a threat of "great and immediate" irreparable injury, beyond "that incidental to every criminal proceeding brought lawfully and in good faith." *Younger*, 401 U.S. at 46-47 (internal quotation marks omitted). Here, Pender claims that unless the upcoming state court hearing is enjoined, he may serve the majority of his sentence before review of his habeas petition would be complete. It is clear that this harm he alleges he will suffer if the state proceedings go forward is insufficient to merit the Court's intervention. I find the reasoning set forth in *Diesel v. Cavalli*, 2006 WL 648358 (N.D. Cal. 2006) is sound and should be applied in the present case. In *Diesel*, the court found abstention under *Younger* appropriate upon a habeas petitioner's request to stay state court proceedings, explaining,

> Petitioner is asking for his punishment to be suspended until the merits of his petition are decided. In all habeas cases, petitioners suffer similarly "irreparable harm" in that their punishments continue while the court considers the merits of their cases. If a stay were justified in the instant case, so too would it be proper in every case where a petitioner is imprisoned. Every day spent behind bars is one that can never be recovered and spent in freedom.

*Diesel*, 2006 WL 648358, *1.

In sum, Pender's petition is hereby dismissed because he has failed to provide the requisite signature, and because it appears from the face of the petition and its exhibits that he is not entitled

4

to relief.  Accordingly, and because abstention would be proper in any event, his motion requesting a stay of the state court proceedings regarding his conviction is denied.

      **SO ORDERED** this  11th  day of July, 2008.


       s/ William C. Griesbach
      William C. Griesbach
      United States District Judge